IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KERMITH SONNIER, As Personal Representative of the Estate of Kermith Sonnier, Jr., Deceased,** ) ) ) | 2:05-cv-14 |
| ) | |
| **Plaintiff,** ) | |
| v.   ) | |
| ) | |
| **OFFICER DENNIS FIELD, OFFICER AUTUMN FIKE, OFFICER JOSH MROSKO, OFFICER MARK COSTELLO,** In Their Individual Capacity, ) ) ) ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO REFLECT DISMISSAL OF THREE (3) DEFENDANTS (Document No. 93). Defendant Field has filed a response and brief in opposition (Document Nos. 94, 95) and the motion is ripe for resolution.

The incident which gave rise to this lawsuit was an extended police pursuit of a pickup truck driven by Kermith Sonnier, Jr. which resulted in his death. It is undisputed that Officer Field fired the fatal shot, but the parties vigorously dispute whether his use of force was reasonable. A jury trial is scheduled to commence on August 6, 2007.

On February 21, 2007, the Court issued a detailed Memorandum Opinion and Order, which addressed various motions in limine and motions for summary judgment. As relevant to the pending motion, the Court granted Officer Field's motion for summary judgment except as to Plaintiff's Section 1983 and intentional tort claims relating to the alleged use of excessive force.

Among the claims on which summary judgment was granted to Field were Plaintiff's allegations regarding a delay in obtaining medical care and for the infliction of abrasions at the time of Sonnier's apprehension, and state law tort claims but for intentional tort claims relating to the alleged use of excessive force. Summary judgment was entered in favor of the other officers involved in the incident on all counts.

The proposed amended complaint names only Field as a defendant. However, the proposed amended complaint repeats allegations regarding the contusions, abrasions and injuries Sonnier received and an alleged delay in obtaining medical treatment. *See* ¶¶ 19, 20, 33. The proposed amended complaint also continues to assert state law tort claims against Field for gross negligence, willful and wanton misconduct, assault and battery and intentional infliction of emotional distress. Defendant Field objects to the proposed amendment as a "deliberate flagrant bad faith tactic." Field also argues that the amendment would be futile because the law of the case doctrine applies to those claims.

The Court will not speculate as to the motives of counsel for Plaintiff. However, from a review of the proposed amended complaint, it is apparent that Plaintiff is attempting to reassert claims on which this Court granted summary judgment to Officer Field. While Fed. R. Civ. P. 15 provides that amendment of a complaint should be freely given when justice so requires, that standard is not met here. Plaintiff purportedly seeks amendment to reflect the dismissal of the other three officers in the Memorandum Opinion and Order dated February 21, 2007, but the proposed amended complaint does not fairly reflect the substance of the Court's ruling.

Accordingly, PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO REFLECT DISMISSAL OF THREE (3) DEFENDANTS (Document No. 93) is **DENIED**.

SO ORDERED this 12th day of June, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:
KERMITH SONNIER
    Bradley M. Bassi, Esquire
    Email: bbassi@bmv-attorneysatlaw.com
    Geoffrey N. Fieger, Esquire
    Email: g.fieger@fiegerlaw.com
    Robert M. Giroux, Jr., Esquire
    Email: r.giroux@fiegerlaw.com

OFFICER DENNIS FIELD
    David H. Patterson, Esquire
    Email: david@dhpattersonassociates.com