IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KERMITH SONNIER, As Personal Representative of the Estate of Kermith Sonnier, Jr., Deceased,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>  v. )<br>)<br>**OFFICER DENNIS FIELD, In His Individual Capacity,** )<br>)<br>**Defendant.** )<br>)<br>) | 2:05-cv-14 |

**MEMORANDUM ORDER**

Presently before the Court are numerous motions in limine filed by both parties (Document Nos. 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108 and 109).  These will be addressed seriatim.  Also pending are PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO REFLECT THE DISMISSAL OF THREE (3) DEFENDANTS AND PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT FIELD (Document No. 119) and PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER FOR CONTINUANCE OF MOTION IN LIMINE RESPONSE FILING DATE FOR DEFENDANT FIELD (Document No. 120).  The parties have filed numerous responses and briefs in opposition (Document Nos. 112-117, 121-131) and the motions are ripe for disposition.

The incident which gave rise to this lawsuit was an extended police pursuit of a pickup truck driven by Kermith Sonnier, Jr. ("Plaintiff" or "Sonnier") which resulted in his death.  It is undisputed that Officer Field fired the fatal shot, but the parties vigorously dispute whether his use of force was reasonable.  A jury trial is scheduled to commence on August 6, 2007.  Given the

exigencies of the impending trial date, the Court's explanation of the basis for its rulings is somewhat abbreviated.

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF EDWARD J. BARBIERI, PH.D. (Document #97)

Plaintiff seeks to exclude the testimony of Dr. Barbieri, who authored a toxicology report on blood drawn from Sonnier after the incident. The report is attached as an exhibit to Document No. 102. Plaintiff's motion is based on Defendant's failure to identify Dr. Barbieri in his initial disclosures or answers to interrogatories, and his failure to file any type of expert disclosure pursuant to Fed. R. Civ. P. 26. The Court agrees that Defendant had a duty to make a timely disclosure of his intent to call Dr. Barbieri as a witness and that Plaintiff has been prejudiced in that he did not have an opportunity to depose him.

Moreover, as the Court will explain in greater detail below, there is also a more fundamental basis for exclusion -- the subject-matter of Dr. Barbieri's anticipated testimony will be excluded pursuant to Fed. R. Evid. 403. The evidentiary record in this case is clear that the officers involved in the pursuit did not know at the time whether or not Plaintiff was under the influence of any substance. Therefore, while the officers will be permitted to describe their personal observations of Sonnier's behavior, and the inferences they drew from that behavior, they will be precluded from introducing evidence regarding Sonnier's drug use or criminal history unless Plaintiff "opens the door" to such evidence.

2

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF EDWARD J. BARBIERI, PH.D. (Document #97) is **GRANTED.**

<u>PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF TRIAL TESTIMONY OF OFFICER PAUL SELLERS AND/OR TO PRECLUDE ADMISSION OF OR REFERENCE TO KERMITH SONNIER, JR.'S PAST CRIMINAL RECORD AND/OR ARREST RECORD</u> (Document No. 98)

Plaintiff seeks to exclude testimony and documentary evidence regarding an arrest and conviction of Sonnier that occurred in Louisiana in 1996 (some eight years prior to the incident which gave rise to this case). Officer Sellers was the police officer assigned to investigate those charges but had no first-hand knowledge of the events. Plaintiff challenges the lack of foundation and authentication for the evidence. Defendant responds that the documents were properly authenticated. More substantively, Plaintiff contends that the evidence is irrelevant, unduly-prejudicial, character evidence. The Court agrees.

Federal Rule of Evidence 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." *See also* Fed. R. Evid. 403. As noted above, the record is clear that the officers had no knowledge whatsoever of Sonnier's prior criminal history at the time of the pursuit. The jury must focus on the information the officers actually knew and/or observed at the time of the incident at issue and therefore Sonnier's criminal history is irrelevant. Defendant may not introduce evidence regarding Sonnier's criminal history in an effort to besmirch his reputation or to show a dispensation to engage in unlawful behavior. Rule 609 is not applicable because Sonnier's credibility is not at issue. Even assuming arguendo that there was some probative value of this evidence, it is

3

substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF TRIAL TESTIMONY OF OFFICER PAUL SELLERS AND/OR TO PRECLUDE ADMISSION OF OR REFERENCE TO KERMITH SONNIER, JR.'S PAST CRIMINAL RECORD AND/OR ARREST RECORD (Document No. 98) is **GRANTED**.

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO TESTIMONY, FINDINGS OR CONCLUSIONS OF THE CORONER'S INQUEST (Document No. 99)

Plaintiff seeks to preclude Defendant from admitting into evidence or making reference to "testimony, findings or conclusions of the Coroner's Inquest." Plaintiff correctly states that a coroner's findings constitute only a preliminary investigation and are not binding and are merely advisory to those who have the responsibility to determine whether to lodge criminal charges. *Commonwealth ex rel. Czako v. Maroney*, 194 A.2d 867, 868 (Pa. 1963). The conclusions of the Coroner's Inquest are not identical to, and cannot replace, the findings that must be made by the jury in this case. Indeed, the coroner's conclusions may serve to confuse or mislead the jury. Accordingly, the Court has no difficulty in excluding the findings and conclusions of the Inquest.

However, the motion to exclude testimony offered at the Inquest must be analyzed separately. Plaintiff argues, citing Rules 613 and 804(b)(1), that because no attorney on behalf of Sonnier was permitted to cross-examine witnesses at the Inquest, the testimony is admissible only for impeachment purposes. Federal Rule of Evidence 613 governs prior statements of witnesses. Rule 804(b)(1) provides an exception to the hearsay rule for former testimony, if the party against

whom the testimony is offered had an opportunity to examine that witness.  Defendant argues that Plaintiff's counsel did have an opportunity to examine the witnesses.  However, the pages of the Inquest transcript attached to Defendant's response do not support that conclusion – the attorney conducting the Inquest clearly stated: "It's not an adversary proceeding where there will be cross-examination."  Transcript of Coroner's Inquest at 14.  Thus, the Court agrees with Plaintiff that transcripts of witness testimony from the Inquest cannot simply be admitted into evidence in this trial.  However, to be clear, the mere fact that a witness testified at the Inquest does not preclude that witness from testifying to the same events in this trial.  The Court does not decide whether the transcript from the Inquest may be used for a purpose other than impeachment, such as to refresh a witness' memory pursuant to Rule 612.

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO TESTIMONY, FINDINGS OR CONCLUSIONS OF THE CORONER'S INQUEST (Document No. 99) is **GRANTED**.

<u>PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO THE AUDIO PORTION OF THE CINDY PLANCE VIDEO (Document No. 100)</u>

Cindy Plance lived with Albert Revi near the location of the shooting incident.  Mr. Revi is since deceased.  Plance and/or Revi took video camera footage of Sonnier's truck traveling down the side of the hill in front of their home after Sonnier had been shot.  Plaintiff does not contest the admissibility of the video portion of this footage, but does object to the audio portion.  Specifically, Plaintiff seeks to exclude cursing and yelling and the statement: "Oh God, he is gonna kill us!"  Plaintiff explains that Plance apparently believed that Sonnier's truck was going to crash

into her home.  Defendant contends that the statement is admissible as a "present sense impression" and an "excited utterance" pursuant to Rule 803(1) and (2).

The Court has not been provided with the videotape in question.  Taking as true Plaintiff's representation that the tape only shows footage taken *after* the shooting occurred – a fact which Defendant does not contest –  the Court agrees that the audio portion of the tape should be excluded.  There appears to be no evidence in the record to establish whether or not Sonnier was in control of the truck, or even conscious, at the time of the events apparently depicted on the tape.  Moreover, the use of force by Officer Field had already occurred.  Indeed, Plance's subjective belief as to the danger posed by Sonnier would not have been known to Field at the time that he fired his weapon.  Thus, although the audio portion of the videotape meets the standards under Rule 803 and would be admissible, its relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury under Rule 403.  Of course, Officer Field will be permitted to testify as to his own assessment of the danger posed by Sonnier to bystanders such as Plance and Revi.

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO THE AUDIO PORTION OF THE CINDY PLANCE VIDEO (Document No. 100) is **GRANTED**.

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO KERMITH SONNIER'S PRIOR COCAINE USE, PRIOR SUBSTANCE ABUSE TREATMENT, AND ALLEGED SUICIDAL BEHAVIOR (Document No. 101)

Plaintiff seeks to exclude any evidence regarding, or references to, Sonnier's prior cocaine use, substance abuse treatment, and alleged suicidal behavior. This evidence is proposed to be introduced through Defendant's expert witness, Lawson Bernstein, M.D.

As this Court has noted above, the record reflects that the officers involved in the pursuit had no knowledge whatsoever about the driver of the truck, and did not know anything about Sonnier's prior cocaine use or substance abuse treatment. Accordingly, that evidence is irrelevant and unfairly prejudicial and is precluded.

The testimony regarding alleged suicidal behavior is a closer call. For the reasons set forth above, any evidence regarding a past history of suicide attempts by Sonnier or the breakup of his engagement to his fiancee four months prior to the incident will be inadmissible. However, Defendant produced an expert report authored by Dr. Bernstein which is attached as Exhibit B to Document No. 102. Although the report is rather cursory, one of the conclusions stated by Dr. Bernstein is: "[Sonnier's] actions on 5/5/04 are consistent with an ultimately successful attempt to provoke his own death (e.g. - suicide) through his irrational and highly aggressive actions towards police officers involved in pursuing and attempting to apprehend him for the commission of multiple crimes." Thus, it appears that the challenged testimony regarding suicidal behavior may not be based on Sonnier's past history, but rather on Dr. Bernstein's analysis of the actual actions of Sonnier on the day of the subject incident. If so, Dr. Bernstein's testimony in that regard may be admissible.

The parties have not cited any factually analogous cases. The Court has located numerous references in the case law to the phenomenon of "suicide by cop," albeit not involving the question of admissibility of expert testimony. In *State v. Sylvester*, 2004 WL 1732471 (Wash. App. 2004), the Court held that a police officer's lay opinion testimony that the defendant was attempting to commit 'suicide by cop" was properly admitted. *Id.* at *3-4. *See also Billington v. Smith*, 292 F.3d 1177, 1191 (9th Cir. 2002)("the law does not condemn citizens to death any time they resist arrest. Just as some decedents in police shooting cases appear to commit 'suicide by cop,' it is conceivable that some police officers could commit 'homicide by self-defense' by unconstitutionally and intentionally provoking an attack so that they could respond to it with deadly force."); *Black's Law Dictionary* 1475 (8th ed. 2004) ("Suicide-by-cop," also known as "police-assisted suicide," is "[a] form of suicide in which the suicidal person intentionally engages in life-threatening behavior to induce a police officer to shoot the person. Frequently, the decedent attacks the officer or otherwise threatens the officer's life, but occasionally a third person's life is at risk.")

At trial, each side must have the opportunity to convince the jury to draw reasonable inferences in their favor based on the conduct of the participants in the overall incident. Defendant apparently will seek to persuade the jury that Sonnier was attempting to provoke "suicide by cop." The Court concludes that this is permissible if based solely on Sonnier's conduct during the incident, and that specialized expert opinion regarding this phenomenon may assist the jury. Plaintiff will have an ample opportunity to challenge Dr. Bernstein's credentials to opine on this theory and to cross-examine Dr. Bernstein regarding his basis for any such opinion.

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO KERMITH SONNIER'S PRIOR COCAINE USE, PRIOR SUBSTANCE ABUSE TREATMENT, AND ALLEGED SUICIDAL BEHAVIOR (Document No. 101) is **GRANTED IN PART and DENIED IN PART**.

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO TOXICOLOGY RESULTS AND TO STRIKE DR. BERNSTEIN'S TESTIMONY REGARDING PLAINTIFF'S ALLEGED COCAINE USE AND ALLEGED SUICIDAL BEHAVIOR (Document No. 102)

This motion is largely duplicative of other motions in limine. Plaintiff seeks to preclude the toxicology report authored by Dr. Barbieri from being introduced through Dr. Bernstein. Plaintiff further seeks to exclude the references in Dr. Bernstein's report to prior drug use, neuropsychiatric problems, legal problems, ingestion of cocaine and suicidal behavior. As discussed above, expert testimony regarding a theory of "suicide by cop" will be admissible if properly supported, but Defendant will not be permitted to introduce evidence regarding prior drug use, legal problems, prior suicidal behavior, or the presence of cocaine in his system post-mortem. The basis for the exclusion is not Dr. Bernstein's lack of qualifications, but rather that the relevance of this evidence is categorically outweighed by its potential prejudicial effect under Rule 403. Nor will Dr. Bernstein be permitted to testify that Sonnier's conduct was consistent with the known adverse behavioral effects of cocaine ingestion.

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO TOXICOLOGY RESULTS AND TO STRIKE DR. BERNSTEIN'S TESTIMONY REGARDING PLAINTIFF'S ALLEGED COCAINE

USE AND ALLEGED SUICIDAL BEHAVIOR (Document No. 102) is **GRANTED IN PART and DENIED IN PART**.

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO THE HOMICIDE INVESTIGATION ACTION REPORT OR ANY TESTIMONY OF TROOPER LOVING REGARDING HER INVESTIGATION, OPINION OR CONCLUSIONS (Document No. 103)

Plaintiff seeks to exclude the Homicide Investigation Action Report prepared by Pennsylvania State Trooper Rebecca Loving the day after the incident. Plaintiff also seeks to preclude Loving from testifying. Plaintiff contends that reception of the investigative report into evidence would involve a lengthy attempt to sift out hearsay and an inquiry into the circumstances bearing on the trustworthiness of the investigation. Plaintiff points out that Trooper Loving has not been listed as an expert witness. Defendant argues that Trooper Loving's report is admissible as a business record pursuant to Rule 803(6) and as a report of a public office pursuant to Rule 803(8).

The Court observes that Plaintiff intends to introduce expert testimony in an effort to reconstruct the scene of the incident. In particular, the Court stated in an earlier Memorandum Opinion that Plaintiff's expert witness, David Balash, "is free to explain the conclusions he draws from the crime scene evidence" and that "his experience in recreating the scene may be helpful to the factfinder." Likewise, Defendant will also have an opportunity to present testimony regarding the conclusions that may be drawn from the scene. Trooper Loving's efforts to recreate the scene will also be helpful to the jury. Thus, Trooper Loving will not be precluded from testifying.

The actual report is also admissible. Although the jury in this case, rather than Trooper Loving, must determine whether Officer Field's use of force was reasonable, Fed. R. Evid.

803(8) governs this issue. Rule 803(8)(C) provides that in civil cases, reports of public offices setting forth "factual findings resulting from an investigation made pursuant to authority granted by law" constitute an exception to the hearsay rule, "unless the sources of information or other circumstances indicate lack of trustworthiness." In this case, Trooper Loving was assigned by a public agency, the Pennsylvania State Police, to investigate the shooting. Plaintiff has not carried his burden to demonstrate that the report lacks trustworthiness. *See Clark v. Clabaugh*, 20 F.3d 1290, 1294-95 (3d Cir. 1994) (state police investigation report is admissible).

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF OR REFERENCE TO THE HOMICIDE INVESTIGATION ACTION REPORT OR ANY TESTIMONY OF TROOPER LOVING REGARDING HER INVESTIGATION, OPINION OR CONCLUSIONS (Document No. 103) is **DENIED**.

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING ANY AND ALL WITNESSES NOT DISCLOSED DURING DISCOVERY AND FROM ADMITTING INTO EVIDENCE ANY [] EXHIBITS NOT DISCLOSED DURING DISCOVERY (Document No. 104)

Plaintiff complains that Defendant did not amend or supplement his initial disclosures or his responses to Plaintiff's interrogatories. In his pretrial statement, Officer Field listed several witnesses and exhibits that had not previously been disclosed by him. As a sanction for failing to timely supplement his discovery responses, Plaintiff contends that these witnesses and documents should be excluded from the trial. The Court notes that although the pretrial statement was filed in April, Plaintiff has not heretofore sought a continuance or additional discovery due to the new witnesses and documents. Nor does Plaintiff claim to have been prejudiced.

Federal Rule of Civil Procedure 37(c) (1) provides that a party who fails to make adequate initial disclosures or to supplement discovery responses will not be permitted to use at trial the omitted witnesses or documents unless it can show that its failure to supplement was substantially justified or that the failure was harmless.  The Court has discretion to impose alternative sanctions, such as the payment of reasonable expenses and counsel fees or staying the action pending proper disclosure.

Defendant argues, persuasively, that any error was harmless.  Defendant explains that all of these witnesses and documents had previously been identified and/or disclosed to Plaintiff by co-defendants Fike or Costello.  The Advisory Committee Commentary to the 1993 Amendment of Rule 37(c) cites this precise situation as an example of a harmless error.

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING ANY AND ALL WITNESSES NOT DISCLOSED DURING DISCOVERY AND FROM ADMITTING INTO EVIDENCE ANY [] EXHIBITS NOT DISCLOSED DURING DISCOVERY (Document No. 104) is **DENIED**.

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM PRESENTING CORONER'S INQUEST STATEMENT OF ALBERT REVI, DECEASED (Document No. 105)

Plaintiff seeks to exclude testimony given by Albert Revi, who lived with Cindy Plance in a home near the scene of the fatal shooting.  Revi testified at the Coroner's Inquest but is now deceased.  Plaintiff states that Revi watched Sonnier's truck go up the quad track, saw officers proceed up the hill on foot, heard gun shots and then saw Sonnier's truck re-emerge and go past his home.  As noted above, Revi and/or Plance took video footage of at least part of the incident.  Revi

was questioned at the Inquest by a prosecuting attorney.[1]  However, consistent with announced Inquest procedures, Sonnier's lawyers did not cross-examine Revi or make objections.  Revi was not deposed prior to his death.

Plaintiff points out, correctly, that the hearsay exception provided pursuant to Rule 804(b)(1) for "former testimony" does not apply because the party against whom the testimony is now offered did not have an opportunity to develop the testimony through cross-examination.  However, Defendant contends that Revi's testimony is admissible under the "residual exception" in Rule 807.  In order to qualify under Rule 807, the hearsay statement must: (1) have sufficient guarantees of trustworthiness; (2) be evidence of a material fact; (3) be probative; (4) serve the interests of justice; and (5) the other side must have sufficient notice.

The Court concludes that Revi's testimony at the Coroner's Inquest is admissible under Rule 807.  Revi was under oath, so there is a substantial guarantee of trustworthiness.  Moreover, he was relating his personal observations as an uninterested bystander of a recent incident and had no apparent reason to testify falsely.  His testimony is extremely material and probative, as he was a neutral eyewitness to the events immediately prior to and subsequent to the shooting.  It would not serve the ends of justice to deprive the jury of this testimony.  Finally, Plaintiff has had sufficient notice.  Plaintiff will have an opportunity at, or in advance of, trial to object to any specific portions of the Revi testimony that he believes are inadmissible on other grounds.

---

[1] Plaintiff attached the wrong portion of the transcript to his motion.

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM PRESENTING CORONER'S INQUEST STATEMENT OF ALBERT REVI, DECEASED (Document No. 105) is **DENIED**.

DEFENDANT DENNIS FIELD'S MOTION IN LIMINE TO PRECLUDE INADMISSIBLE CHARACTER EVIDENCE (Document No. 106)

Defendant seeks to preclude evidence regarding the personal relationship between Field and Officer Autumn Fike, who was also involved in the incident. Specifically, Field and Fike had previously lived together, and at the time of the incident, were still romantically involved to some degree. Defendant contends that this information is irrelevant and that any potential relevance is outweighed by its prejudicial effect.

Plaintiff submits that this information is relevant because the evidence shows that Field saw Sonnier's truck appear to hit Fike, who was further up the path, moments before the shooting. Plaintiff seeks to convince the jury that Field shot Sonnier wantonly and maliciously in retaliation for running over Fike, rather than because he posed a danger.

There is an obvious logical inconsistency in Plaintiff's argument – if Field believed that Sonnier had already run over one police officer with his truck, it would be reasonable for Field to believe that Sonnier also posed a significant danger to himself, Officer Mrosko, and any other citizen who might be in the truck's path. Nevertheless, at trial the parties are entitled to ask the jury to draw inferences from the facts. The key determination that must be made by the jury is what was in Officer Field's mind at the time he pulled the trigger. The evidence regarding Field's relationship at the time of the incident, with another officer who was also at the scene, is critical to Plaintiff's

theory of the case. Therefore, just as Defendant is entitled to present evidence that Sonnier was trying to commit "suicide by cop," Plaintiff is entitled to present evidence that Field shot Sonnier for running over his girlfriend.

In accordance with the foregoing, DEFENDANT DENNIS FIELD'S MOTION IN LIMINE TO PRECLUDE INADMISSIBLE CHARACTER EVIDENCE (Document No. 106) is **DENIED**.

DEFENDANT DENNIS FIELD'S MOTION IN LIMINE TO PRECLUDE INADMISSIBLE EVIDENCE OF A PARDON (Document No. 108)

Field seeks to preclude evidence regarding the subsequent disposition of the criminal charges brought against Sonnier in Louisiana. Specifically, in September 2002, Sonnier's sentence was stricken and his parole was terminated. Plaintiff filed a motion in limine to preclude admission of the underlying charges and fact of conviction, which the Court granted for the reasons set forth above. This motion will also be granted. The Louisiana charges are categorically irrelevant to the issues facing the jury in this case. Neither party will be permitted to introduce such evidence.

In accordance with the foregoing, DEFENDANT DENNIS FIELD'S MOTION IN LIMINE TO PRECLUDE INADMISSIBLE EVIDENCE OF A PARDON (Document No. 108) is **GRANTED**.

DEFENDANT DENNIS FIELD'S MOTION IN LIMINE TO PRECLUDE INADMISSIBLE EVIDENCE REGARDING PRIOR LAWSUITS AND/OR CIVILIAN COMPLAINTS (Document No. 109)

Defendant seeks to preclude evidence regarding lawsuits or citizen complaints filed against officers Field and Fike. In his response, Plaintiff represents that he does not intend to enter any such evidence, except if necessary for the limited purpose of impeachment pursuant to Rules of Evidence 607 and 608. The Court is skeptical that this evidence would have any relevance to the issues facing the jury in this case. However, the Court cannot conclusively determine the potential admissibility of such evidence at this juncture. Should Plaintiff seek to introduce such evidence, he must notify Defendant and the Court in advance so that this issue may be revisited.

Given Plaintiff's representation, and in accordance with the foregoing, DEFENDANT DENNIS FIELD'S MOTION IN LIMINE TO PRECLUDE INADMISSIBLE EVIDENCE REGARDING PRIOR LAWSUITS AND/OR CIVILIAN COMPLAINTS (Document No. 109) is **DENIED WITHOUT PREJUDICE AS MOOT.**

PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Document No. 119)

Plaintiff again seeks to file an amended complaint. On June 12, 2007, the Court issued a Memorandum Opinion and Order which denied Plaintiff's first motion to file an amended complaint. The Court explained that the proposed amended complaint attempted to reassert claims on which this Court had previously granted summary judgment to Officer Field. The Court also noted that "Plaintiff purportedly seeks amendment to reflect the dismissal of the other three officers in the Memorandum Opinion and Order dated February 21, 2007, but the proposed amended

16

complaint does not fairly reflect the substance of the Court's ruling." Plaintiff now represents that this was due to "inadvertence" and purports to submit a proposed second amended complaint that more accurately reflects the Court's ruling on summary judgment.

Plaintiff avers that amendment of the complaint will narrow the issues to be tried, will increase efficiency, will not prejudice Defendant, and that the motion comes without undue delay or dilatory motive. The Court recognizes that pursuant to Fed. R. Civ. P. 15(a), leave to amend should be freely given when justice so requires. Defendant notes that the proposed amended complaint has not been attached, as required. Defendant further contends that Plaintiff has displayed undue delay and bad faith tactics designed to cause Field prejudice and additional expense and has not carried his burden to demonstrate that justice requires amendment.

The Court sees no valid purpose to be served by allowing such an amendment of the complaint on the eve of trial. The parties have completed discovery and filed their pretrial statements, and the issues to be tried are already precisely and narrowly defined. No efficiency gains will be realized by permitting further pleadings. To the contrary, Defendant would be forced to incur the time and expense of filing a responsive pleading. Presumably, Plaintiff does not want the jury to be aware that other officers were named in the suit or that Officer Field was granted summary judgment on certain causes of action. That concern is unjustified, as this Court will not permit such argumentation to be made to the jury pursuant to Fed. R. Evid. 403. Moreover, pursuant to this Court's Order dated February 21, 2007, the caption has been modified to reflect only Sonnier and Field as parties. To the extent that issues not raised in the pleadings are tried by express, mutual consent, amendment is not necessary or may be allowed at a later date.

Accordingly, PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Document No. 119) is **DENIED**.

PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER FOR CONTINUANCE OF MOTION IN LIMINE RESPONSE FILING DATE FOR DEFENDANT FIELD (Document No. 120)

Plaintiff contends that counsel for Defendant forgot the applicable filing dates and then obtained an extension of time by making misrepresentations to the Court. As a sanction, Plaintiff seeks reconsideration of the order which granted the extension of time. The Court will not dignify this motion with an extended analysis. This is an important case, involving an incident in which Kermith Sonnier, Jr. lost his life. It is important that this case be decided fairly based upon the facts and the law, and not by a game of procedural "gotcha!" Both parties deserve their day in court and a full opportunity to be heard. Counsel are admonished to extend professional courtesy to each other. In accordance with the foregoing, PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER FOR CONTINUANCE OF MOTION IN LIMINE RESPONSE FILING DATE FOR DEFENDANT FIELD (Document No. 120) is **DENIED**.

SO ORDERED this 25th day of July, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:
KERMITH SONNIER
    Bradley M. Bassi, Esquire
    Email: bbassi@bmv-attorneysatlaw.com
    Geoffrey N. Fieger, Esquire
    Email: g.fieger@fiegerlaw.com
    Robert M. Giroux, Jr., Esquire
    Email: r.giroux@fiegerlaw.com

OFFICER DENNIS FIELD
    David H. Patterson, Esquire
    Email: david@dhpattersonassociates.com