IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERMITH SONNIER, As Personal Representative of the Estate of Kermith Sonnier, Jr., Deceased, | ) ) ) 2:05-cv-14 ) |
| Plaintiff, | ) |
| v. | ) ) |
| OFFICER DENNIS FIELD, OFFICER AUTUMN FIKE, OFFICER JOSH MROSKO, OFFICER MARK COSTELLO, In Their Individual Capacity, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Presently before the Court is PLAINTIFF'S MOTION FOR NEW TRIAL (Document No. 166). Defendant Field has filed a response and brief in opposition (Document Nos. 167, 168) and the motion is ripe for resolution.

The incident which gave rise to this lawsuit was an extended police pursuit of a pickup truck driven by Kermith Sonnier, Jr. which resulted in his death. It is undisputed that Officer Field fired the fatal shot, but the parties vigorously disputed whether his use of force was reasonable. A jury trial was held in August 2007, which resulted in a defense verdict. The instant motion concerns two separate statements made by defense counsel during his closing argument.[1] The Court will address each seriatim.

---

[1] Plaintiff now raises a third issue, relating to defense counsel's invitation to the jury to "send a message to all criminals out there." Transcript at 39. Plaintiff did not preserve this argument at trial. In any event, it is not meritorious.

1. The "Golden Rule" Comment

Defense counsel concedes that he mistakenly asked the jurors to place themselves in Defendant Field's shoes. The actual statement he made was: "Ladies and gentlemen, you look at this evidence, totality of the circumstances, the law on deadly force, and I ask you, what would you do?" Transcript at 37. Plaintiff correctly argues that the use of a so-called "golden rule" argument is improper because it encourages the jury to decide the case based on personal feelings rather than the evidence.

Whether a "golden rule" comment justifies a mistrial is within the discretion of the Court. *Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir. 1993); *Edwards v. City of Philadelphia*, 860 F.2d 568, 574 (3d Cir. 1988) . Absent a showing of substantial injustice or prejudice, the Court should respect a plausible jury verdict. *Goodwin v. Seven-Up Bottling Co. of Phila.*, 1998 WL 438488 *3 (E.D. Pa. 1998). A new trial is not justified in this case, for several reasons. As an initial matter, defense counsel immediately recognized his mistake and took pains to reiterate the proper "reasonable police officer" standard. Immediately after the "golden rule" statement quoted above, counsel stated:

> Did Dennis Field act reasonably? Were his actions objectively reasonable? That's what you must determine at that time he pulled the trigger. What would a reasonable person do, a reasonable police officer. I submit to you that any and all reasonable police officers would have stopped that chase with deadly force.

*Id.* Further, just prior to the improper statement, defense counsel had quoted the Court's jury instruction that "[t]he reasonableness of Officer Field's particular use of force must be judged and determined from the perspective of a reasonable police officer ...." Transcript at 36. Thus, in context, it is clear that defense counsel was not inviting the jury to decide the case based on an

improper reason.  Plaintiff's counsel had an opportunity to correct any possible misunderstanding during his own closing statement.  Further, the Court's jury instructions emphasized that the jurors were to perform their duties without prejudice.  *See Edwards*, 860 F.2d at 574 (proper jury instruction sufficient to cure harm of "golden rule" argument).  Moreover, in an excess of caution, the Court issued a curative instruction to the jury and reiterated the reasonable police officer standard.  The Court explained: "It is not what you would have done if on that path on that given day.  It's what a reasonably prudent police officer would do under the circumstances that existed at the time."  Transcript at 61.  Thus, the Court is confident that there was no prejudice or substantial injustice resulting from defense counsel's improper remark.

        2.        Reference to Counsel Fees

Plaintiff challenges another stating during defense counsel's closing argument, which Plaintiff construes as a message that "Defendant would have to pay any damage award out of his own pocket." The actual statement was made in the context of counsel's discussion of the verdict slip, which contained an option for the award of nominal damages.  Counsel stated:

> if you find liability, you must award at least some nominal damages, not to exceed $1.  If you think that's just a token, you know, we just say, okay, well, maybe he could have done something different.  Well, you know, we don't really want to punish him.  We just award him a dollar.  There is a significance to awarding a dollar.  Officer Field will have to pay large attorney's fees and costs to Mr. Sonnier for bringing this case.  So that dollar ain't no dollar.

Transcript at 38-39.  At sidebar, Plaintiff argued that this financial reference was improper and requested to tell the jury that Field had insurance coverage.  The Court denied this request. Transcript at 40, 42.

3

This statement does not justify a new trial and Plaintiff has not cited to any authority in support of his position. When read in context, the statement was not a reference to Defendant's personal financial condition, but rather, was intended to explain the implications of awarding "nominal" damages. It is the Court's experience that jurors may not fully appreciate the fact that the right to recover counsel fees is triggered by a finding of liability, even if only nominal damages are awarded. Thus, defense counsel's attempt to explain that point was appropriate. The Court's jury instructions fully explained the appropriate process for determining both liability and damages in this case. Moreover, after Plaintiff's objection, the Court cautioned the jury by reiterating its instruction that, "in assessing damages, you must not consider attorney's fees or the costs of litigating this case. That should be out of your mind. Don't do that." Transcript at 61. In sum, there was no substantial injustice or prejudice.

Accordingly, PLAINTIFF'S MOTION FOR NEW TRIAL (Document No. 166) is **DENIED**.

SO ORDERED this 14th day of September, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Robert M. Giroux, Jr., Esquire
        Email: r.giroux@fiegerlaw.com

        David H. Patterson, Esquire
        Email: david@dhpattersonassociates.com